Mary Beth Muffins, Esq. (MM-2897)
2001 Palmer Avenue, Suite 204
Larchmont, NY 10538 (914) 834-4400 Fax
(914) 834-6064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HELEN PIDUSTWA HYNES, as Administratrix of the
ESTATE OF JOHN HYNES a/k/a JOHN M. HYNES, and
HELEN PIDUSTWA HYNES, Individually,

                     Plaintiffs,

                                                                **COMPLAINT**

    -against-

                                                                Case No. 05 CIV. 4388

UNITED STATES OF AMERICA,
BRONX VETERANS' AFFAIRS MEDICAL CENTER,         (JES)
YOUNG SIK KHO, M.D.,
ANTONIO DEL VALLE, D.M.D.,                                EFC CASE
DAVID L. JURMAN, M.D. and
DR. SHERMAN GREEN

                     Defendants.

--------------------------------------------------------------------------------X

     Plaintiff, HELEN PIDUSTWA HYNES, by her Attorney Mary Beth Mullins, Esq., for her Complaint, alleges with knowledge as to her own conduct, and upon information and belief as to all other matters, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

     1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C., Section 1346(b).

     2. Plaintiff resides at 739 East 242nd Street, Bronx, New York, which is within the Southern District of the State of New York.

3. The acts and omissions occurred within the Southern District of the State of New York.

4. That Plaintiff was appointed Administratrix of the Estate of John Hynes on October 28, 2003 by the Surrogate of Bronx County, the decedent having died on August 30, 2003.

5. Defendant, UNITED STATES OF AMERICA, operates a health care facility known as the Bronx Veterans' Affairs Medical Center located at 130 West Kingsbridge Road, Bronx, New York, 10468.

6. Defendant, in operating the hospital, holds itself out to Veterans of the Armed Forces to use that degree of care, skill, diligence, and attention used by hospitals generally in the community in the care and treatment of patients.

7. The hospital operated by Defendant has in its employ, among others, doctors, nurses, interns, residents, student nurses, nurses' aides and other hospital personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

8. Upon information and belief, Dr. Young Sik Kho was a radiologist and was a health care provider, practicing medicine at the above-mentioned hospital and was an employee of Defendant and acting within the scope of his office and employment.

9. At all times referred to herein, there existed between the physician, Dr. Young Sik Kho and the deceased, JOHN HYNES, the relationship of physician-patient.

10. On or about November 13, 2002, the deceased, JOHN HYNES, presented himself to the above-mentioned hospital operated by Defendant, UNITED STATES OF AMERICA, and came under the care and treatment of Dr. Young Sik Kho and others, who were likewise hospital staff members and employees of Defendant.

11. On November 13, 2002, a radiology procedure was performed and a large mass in decedent's, JOHN HYNES', right lower lung, an approximate size of 6 x 4 centimeters was apparent on the said x-ray films.

12. Upon information and belief, Dr. Young Sik Kho did not apprise the decedent, JOHN HYNES, of such mass, nor did he advise the surgeon, Dr. Antonio del Valle, or any other health care provider of such condition.

13. Upon information and belief, Dr. Young Sik Kho did not apprise any individuals in Defendant's employ.

14. On or about November 13, 2002, the deceased, JOHN HYNES, presented himself for a radiology procedure at the above-mentioned hospital as a prelude to oral surgery to be performed on November 14, 2002.

15. That upon information and belief, and at all times hereinafter mentioned, the Defendant, Dr. Antonio del Valle, was a physician and surgeon and heath care provider, practicing medicine at the above-mentioned hospital and was an employee of the Defendant and acting within the scope of his office and employment.

16. At all times referred to herein, there existed between the physician, Dr. Antonio del Valle and the deceased, JOHN HYNES, the relationship of physician-patient

17. On or about November 14, 2002, the oral surgery was performed by Dr. Antonio del Valle, who performed the surgery and did not review the radiology film and/or x-rays, or the reports thereof, with the apparent cancerous lung mass evident therein.

18. That upon information and belief, and at all times hereinafter mentioned, the Defendant, Dr. Sherman Green, was a physician and heath care provider, practicing medicine at the above-mentioned hospital and was an employee of the Defendant and acting within the scope of his office and employment.

19. At all times referred to herein, there existed between the physician, Dr. Sherman Green and the deceased, JOHN HYNES, the relationship of physician-patient.

20. Upon information and belief and on or about January 28, 2003, Dr. Sherman Green, in a post-operative visit with decedent, JOHN HYNES, again reviewed the laboratory results, x-rays reports thereof and failed to discover the mass in the chest of decedent, JOHN HYNES.

21. That upon information and belief, and at all times hereinafter mentioned, the Defendant, Dr. David L. Jurman, was a physician and heath care provider, practicing medicine at the above-mentioned hospital and was an employee of the Defendant and acting within the scope of his office and employment.

22. At all times referred to herein, there existed between the physician, Dr. David L. Jurman and the deceased, JOHN HYNES, the relationship of physician-patient.

23. That at various dates and times during the months of November, 2002 through January, 2003, the Defendant, Dr. David L. Jurman had various pre-operative and post-operative visits with the Plaintiff, JOHN HYNES, and failed to discover the mass in the lung of the Plaintiff.

24. On or about March 23, 2003, when decedent, JOHN HYNES, sought emergency treatment for a certain condition, it was for the first time discovered that there was a cancerous mass in his right lung.

25. Defendant and its employees, Dr. Young Sik Kho, Dr. Antonio del Valle, Dr. Sherman Green and Dr. David L. Jurman, and other employees and agents of Defendant, while under such care and treatment the deceased, JOHN HYNES, illness was misdiagnosed and/or they failed to diagnose the deceased, JOHN HYNES', true condition of lung cancer and as such deviated from standard approved practice of care.

26. As a result of the negligence, carelessness, and medical malpractice of the Defendant's employees, the deceased, JOHN HYNES, sustained various procedures which caused substantial pain and suffering.

27. As a result of the carelessness, negligence, and malpractice of the agents and employees of Defendant, as described above, the deceased, JOHN HYNES, suffered pain, mental anguish, bodily injury, permanent disability, medical and hospital expenses and death on August 30, 2003.

28. On November 18, 2003, Plaintiff, HELEN PIDUSTWA HYNES, as Administratrix of the Estate of John Hynes, submitted a claim in the amount of FIVE MILLION AND 00/100 ($5,000,000.00) DOLLARS for personal injury and THREE MILLION AND 00/100 ($3,000,000.00) DOLLARS for wrongful death, for a total amount of EIGHT MILLION AND 00/100 ($8,000,000.00) DOLLARS to the Department of Veterans' Affairs, which agency rejected the claim by letter dated November 11, 2004 and postmarked November 15, 2004.

29. Defendant's agents negligently provided professional medical care to the deceased Plaintiff in one or more of the following ways:

    a.  carelessly and negligently failed to properly diagnose the deceased, JOHN HYNES' condition of lung cancer and instead treated the deceased for other unrelated ailments;

    b.  carelessly and negligently failed to hospitalize the deceased, JOHN HYNES;

    c.  carelessly and negligently failed to discover and advise the decedent of the cancerous mass in his right lung;

    d.  carelessly and negligently failed to treat the cancerous growth in a timely manner;

    e.  carelessly and negligently failed to refer the deceased, JOHN HYNES, to other more appropriate medical providers for treatment and cure.

30. As a direct and proximate result of one or more of the above negligent acts and/or omissions of the Defendant's agents, Dr. Young Sik Kho, Dr. Antonio del Valle, Dr. Sherman Green and Dr. David L. Jurman and the Bronx Veterans' Affairs Medical Center, the deceased, JOHN HYNES, sustained injuries and death.

31. That by reason of the foregoing, Plaintiff, HELEN PIDUSTWA HYNES, has lost the services and consortium of her husband, JOHN HYNES, and has expended monies for medical care and treatment in an endeavor to ameliorate his injuries.

32. That by reason of the foregoing, Plaintiff, HELEN PIDUSTWA HYNES, has been damaged in a sum exceeding the jurisdiction of all lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the Complaint Paragraphs numbered and designated "1" through "32," both inclusive, as if more fully set forth herein at length.

34. That thereafter and on August 30, 2003, JOHN M. HYNES dies as a result of the injuries sustained herein.

35. That by reason of the foregoing, decedent's next of kin sustained pecuniary loss.

36. That by reason of the foregoing, Plaintiff incurred, became liable for or paid for medical, nursing, hospital and funeral expenses of various and diverse amounts as Administratrix of the Estate of decedent.

37. That by reason of the foregoing, the decedent's next of kin demand damages, general damages, special damages, pecuniary damages and any and all other damages as a result of the wrongful death of JOHN M. HYNES.

38. By reason of the foregoing, Plaintiff and the distributees of Plaintiff s Estate have been damaged in the sum of THREE MILLION AND 00/100 ($3,000,000.00) DOLLARS.

WHEREFORE, Plaintiffs demand Judgment against the Defendant, UNITED STATES OF AMERICA, for personal injuries and wrongful death in a sum in excess of EIGHT MILLION ($8,000,000.00) DOLLARS, together with costs of the funeral in the amount of EIGHT THOUSAND FOUR HUNDRED AND 00/100 ($8,400.00) DOLLARS, costs of suit, and such other and further relief as the Court may deem proper.

Dated:   Larchmont, New York
         April 27, 2005

Yours, etc.,

*[signature]*

Mary Beth Mullins, Esq.
(MM2897)
Attorney for Plaintiffs
2001 Palmer Avenue, Suite 204
Larchmont, NY 10538
914-834-4400

TO:    United States of America
c/o U.S. Attorney's Office
James L. Cott, Chief
86 Chambers Street, 3rd Floor
New York, NY 10007

Bronx Veterans' Affairs Medical Center
130 West Kingsbridge Road
Bronx, NY 10468

Young Sik Kho, M.D.
c/o Bronx Veterans' Affairs Medical Center
130 West Kingsbridge Road
Bronx, NY 10468

Antonio del Valle, D.M.D.
c/o Bronx Veterans' Affairs Medical Center
130 West Kingsbridge Road
Bronx, NY 10468

David L. Jurman, M.D.
c/o Bronx Veterans' Affairs Medical Center
130 West Kingsbridge Road
Bronx, NY 10468

Dr. Sherman Green
c/o Bronx Veterans' Affairs Medical Center
130 West Kingsbridge Road
Bronx, NY 10468

Mary Beth Mullins, Esq. (MM-2897)
2001 Palmer Avenue, Suite 204
Larchmont, NY 10538 (914) 834-4400
Fax (914) 834-6064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HELEN PIDUSTWA HYNES, as Administratrix of the
ESTATE OF JOHN HYNES a/k/a JOHN M. HYNES,
and HELEN PIDUSTWA HYNES, Individually,

Case No.

**CERTIFICATE OF MERIT**

Plaintiffs,

-against-

UNITED STATES OF AMERICA,
BRONX VETERANS' AFFAIRS MEDICAL CENTER,
YOUNG SIK KHO, M.D.,
ANTONIO DEL VALLE, D.M.D.,
DAVID L. JURMAN, M.D. and
DR. SHERMAN GREEN,

Defendants.

------------------------------------------------------------------X

MARY BETH MULLINS, ESQ., an attorney admitted to practice in the State of New York, affirms the following under the penalties of perjury:

1. That I am the attorney of record for the Plaintiff, and as such am thoroughly conversant with the facts and circumstances herein based upon the contents of the file maintained by this office.

2. I have consulted with a physician licensed to practice in the State of New York, who is knowledgeable of the relevant issues involved herein.

3. On the basis of this consultation, I have concluded that there is a reasonable basis for the commencement of this action.

4. That the certificate is hereby made pursuant to CPLR 3012 - a ( a ).

Dated:  Larchmont, New York
        April 27, 2005

_____  Mary Beth
            Mullins, Esq.
                                    (MM-2897)
                                    2001 Palmer Avenue, Suite 204
                                    Larchmont, NY 10538
                                    914-834-4400

VERIFICATION

State of New York)

County of Westchester)

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state that I am the attorney of record for the Plaintiffs in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Helen Pidustwa Hynes, the Plaintiff, is that the Plaintiff resides in Bronx County, a County other than where my office is located. I affirm that the foregoing statements are true, under the/penalties of perjury.

_____  Dated: April 27, 2005

Mary Beth Mullins, Esq.